UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENNIS GRIGGS,

                    Plaintiff,

              -against-

CRIMINAL COURT OF THE CITY OF NEW YORK,
COUNTY OF NEW YORK, STATE OF NEW YORK;
OFFICE OF THE DISTRICT ATTORNEY OF THE COUNTY
OF NEW YORK, STATE OF NEW YORK; D.A. CYRUS
VANCE, JR., in his official capacity & in his unofficial,
individual citizen capacity; JUDGE H. MOSES, who presided
over Plaintiff's arraignment on or about Oct. 23, 2020; JUDGE
I. MARCUS, who presided over Plaintiff's hearing on or about
Jan. 21, 2121; in her, individual citizen, unofficial capacity;
ASSIGNED ATTORNEY MAGGIE TAYLOR BY COLOR OF
OFFICE JUDGE MARCUS AFTER BOTH WERE FIRED
VIA DENNIS GRIGGS; PLAINTIFF; ADA1 DOE, true name
currently unknown to Plaintiff, who prosecuted Plaintiff's
arraignment on or about Oct. 23, 2020, in official capacity and
personally; ADA2 DOE, true name currently unknown to
Plaintiff, who prosecuted Plaintiff's arraignment on or about
Jan. 21, 2021, in official capacity and personally;
CASSANDRA JOHNSON, true name currently unknown to
Plaintiff, Court Reporter who recorded Plaintiff's arraignment
on or about Oct. 23, 2020; JOHN FILION, Court Reporter who
recorded Plaintiff's hearing on or about Jan. 21, 2021; CO1
through Con, true names not currently known to Plaintiff, n
Court Officers on duty at Plaintiff's arraignment on or about
Oct. 23, 2020 and/or Plaintiff's haring on or about Jan. 21,
2021; B! DOE and B2 DOE, true names currently unknown to
Plaintiff, Bailiffs at Plaintiff's arraignment on or about October
23, 2020 and hearing on or about Jan. 21, 2021, respectively;
PO1 through POm, true names not currently known to Plaintiff,
m NYPD officers who arrested Plaintiff on or about Oct. 23,
2020; FRANCES GRIGGS, wife of Plaintiff, who filed an
unlawful police report, triggering Plaintiff's unlawful arrest and
prosecution, at least 3 separate times, causing almost all &
similar complaints below; to plaintiff & his very innocent &
defenseless angelic, disabled at birth, 43 yr. Old daughter.
Inflicting a life of neglect, abuse, threat, duress, coercion,
confusion, chaos, emotional distress galore etc., etc., etc. upon
her; FOR MORE THAN 15 YRS.,

                    Defendants.

21-CV-1899 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Dennis Griggs, appearing *pro se*, brings this action by order to show cause. Plaintiff names as Defendants the New York Criminal Court, the New York County District Attorney's Office, District Attorney, Cyrus Vance, Jr., two Assistant District Attorneys, Plaintiff's assigned attorney, two court reporters, unknown court officers, unknown bailiffs, unknown NYPD police officers, and Plaintiff's wife. Plaintiff alleges that Defendants are violating his rights in the course of pending criminal proceedings in the New York Criminal Court, New York County.

By order dated April 14, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses this complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Dennis Griggs alleges that he "is facing an illegal trial calendared for March 18, 2021, (Exhibit "A") in the Criminal Court of the City of New York, which is the subject of the instant request for declaratory and injunctive relief for lack of jurisdiction, or for a stay during the pendency of the instant action."[1] (ECF No. 2 at 2.) He asserts that his "right to due process has been violated in that the Criminal Court of the City of New York in and or the County of New York in which the Office of the District Attorney of the County of New York thereof, is criminally prosecuting the Plaintiff herein without establishing its jurisdiction." (*Id.* at 4.)

---

[1] A review of the records of the New York State Unified Court System shows that Plaintiff's criminal case is ongoing, and the next court date is April 26, 2021. *See* https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch. The Court notes that in the New York State Unified Court System, Plaintiff's first name is listed as Griggs, and his last name is shown as Dennis.

Plaintiff alleges that an order of protection has been issued that bars Plaintiff "from any presence in Plaintiff's marital apartment shared with Plaintiff's spouse and daughter, depriving Plaintiff of family life and society, and of shelter against the elements of nature and renders the Plaintiff homeless." (*Id.*)

Plaintiff seeks monetary damages and seeks to have this Court restrain and enjoin Defendants "from any and all acts in continuation, maintenance and/or furtherance of prosecuting the criminal proceeding titled The People of the State of New York v. Dennis Griggs and indexed as CR-019199-20NY." (ECF No. 3 at 6.)

## DISCUSSION

**A.      Eleventh Amendment Immunity**

Plaintiff's claims against the "Criminal Court of the City of New York, County of New York State of New York" must be dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted).

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d

35, 40 (2d Cir. 1977). Moreover, "the New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." *Gollomp*, 568 F.3d at 368 (citation omitted); *see Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F. App'x 504 n.1 (2d Cir. 2011) (summary order) (claims against New York Supreme Court barred by the Eleventh Amendment) (citing *Gollomp*, 568 F.3d at 368); *see also Murray v. Thompson*, No. 17-CV-7004, 2018 WL 5113955, at \*4 (S.D.N.Y. Oct. 19, 2018) (a New York Family Court is an arm of the State of New York and is entitled to Eleventh Amendment immunity).

Plaintiff sues the "Criminal Court of the City of New York, County of New York, State of New York" — a part of the New York State Unified Court System. The Court therefore dismisses Plaintiff's § 1983 claims against this Defendant under the doctrine of Eleventh Amendment immunity and because these claims are frivolous.[2] *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

## B.   Judicial Immunity

Plaintiff's claims against Judge Moses and Judge Marcus must also be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Sliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability,

---

[2] *See also Zuckerman v. Appellate Div., Second Dep't, Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (holding that a state court is not a "person" for the purpose of § 1983 liability); *see generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding that a state agency is not a "person" for the purpose of § 1983 liability).

judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge acts "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff' s claims against Judge Moses and Judge Marcus arise of out of their rulings and actions while presiding over Plaintiff' s criminal case; such rulings and actions were within the scope of their judicial capacities and jurisdiction. The Court therefore dismisses Plaintiff's claims against Judge Moses and Judge Marcus under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute]."); *Montero*, 171 F.3d at 760 ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke*, 490 U.S. at 327)).

## C.    **Prosecutorial Immunity**

Plaintiff's claims against the Office of the District Attorney of the County of New York, State of New York, D.A. Cyrus Vance, Jr., ADA1 DOE, and ADA2 DOE must also be dismissed. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but,

rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff's claims against these Defendants are based on actions within the scope of Defendants' official duties and associated with the conduct of a criminal proceeding. Therefore, these claims are dismissed because they seek monetary relief against defendants who are immune from suit and as frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**D.    Qualified Immunity**

Under the doctrine of qualified immunity, court reporters are shielded from suit for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights. *See Antoine v. Byers & Anderson Inc.*, 508 U.S. 429 (1993) (holding that court reporters are qualifiedly, not absolutely, immune from suit); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (discussing standard for establishing qualified immunity).

Plaintiff alleges that Defendant court reporters Cassandra Johnson and John Filion "participated in the charade proceedings, namely, the Plaintiff's arraignment of October 23, 2020 and subsequent hearing of January 21, 2021, respectively, who witnessed and recorded all events during the improper proceedings." (ECF No. 2 at 10.) Plaintiff does not assert any facts that

suggest that the court reporters' conduct violated any of Plaintiff's clearly established statutory or constitutional rights.

Plaintiffs' claims against Defendants Cassandra Johnson and John Filing must be dismissed on the basis of qualified immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); s*ee also, e.g., Green v. Maraio*, 722 F. 2d 1013, 1019 (2d Cir. 1983) (affirming dismissal of claims against court reporter on basis of qualified immunity, and noting that "allowing . . . dismissal whenever the basis for finding qualified immunity applicable is established by the complaint itself "permit[s] '[if]nsubstantial lawsuits [to] be quickly terminated.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982))).

## E.    Private Defendants

Plaintiff's claims against Maggie Taylor and Frances Griggs must be dismissed. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v.*

8

*Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

As Defendants Maggie Taylor and Frances Griggs are private parties who do not work for any state or other government body, Plaintiff has not stated a claim against these Defendants under § 1983.

**F.      No Personal Involvement**

Plaintiff's claims against the unknown court officers and unknown bailiffs must be dismissed. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing how the person's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted).

A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts suggesting that the unknown court officers and unknown bailiffs were personally involved in the events underlying his claims. Plaintiffs appear to bring claims against these Defendants based solely upon their presence in the court. Plaintiff's claims against these Defendants are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**G.**     **False Arrest Claim**

A claim for false arrest under § 1983 looks to state law as a starting point to determine the elements of a claim for false arrest. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of § 1983 claims and courts should not "mechanically apply" the law of New York State); *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

If "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest," the arrest is privileged, and the plaintiff cannot state a claim for false arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v.*

*United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001)

(holding that a police officer is "not required to explore and eliminate every theoretically

plausible claim of innocence before making an arrest."). Put another way, police officers may

have had probable cause to arrest if they have acted reasonably, even if they were mistaken.

     Plaintiff's complaint does not allege facts showing that officers lacked probable cause to

arrest him. If anything, it shows the opposite, and the Court therefore dismisses Plaintiff's false

arrest claim for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

## H.    Ongoing Criminal Proceedings

     To the extent that Plaintiff is asking the Court to intervene in his pending state-court

criminal proceedings, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37

(1971), the United States Supreme Court held that a federal court may not enjoin a pending state-

court criminal proceeding in the absence of special circumstances suggesting bad faith,

harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411

U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commcns, Inc. v. Jacobs*,

134 S. Ct. 584, 588 (2013) ("*Younger* exemplifies one class of cases in which federal-court

abstention is required: When there is a parallel, pending state criminal proceeding, federal courts

must refrain from enjoining the state prosecution.").

     Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with

respect to his pending state-court criminal proceedings. The Court will therefore not intervene in

those proceedings.

## I.    Emergency Injunctive Relief

     Plaintiff has filed an "Emergency Application for Order to Show Cause for Preliminary

Injunction & Temporary Restraining Order Leading to a Cease and Desist Order against

Defendants and Request to Present Evidence of Criminal Activity by Herein Named Defendants

to Special Grand Jury," requesting preliminary injunctive relief. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As set forth above, Plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) and as barred by the *Younger* abstention doctrine. The Court therefore finds that Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for an order to show cause is denied.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) and as barred by the *Younger* abstention doctrine.

Plaintiff's request for injunctive relief (ECF No. 3) is denied as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 19, 2021
         New York, New York

                                          /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                     Chief United States District Judge